# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| Vijai RAO, jointly and individually, <br><br> and <br><br> Sumathi MATHUR, jointly and individually, <br><br> PLAINTIFFS, <br><br> v. <br><br> ERA ALASK AIRLINES, an Alaskan corporation; <br><br> Bob HADJUKOVICH, President, ERA Alaska Airlines; <br><br> XYZ CORPORATIONS 1-5; XYZ PARTNERSHIPS 1-5; AND DOES 1-10. <br><br> DEFENDANTS. | CASE NO.: <br><br> **COMPLAINT** <br><br> **COUNT I:** Negligence <br> **COUNT II:** Breach of Implied Warranty <br> **COUNT III:** Fraud <br> **COUNT IV:** Violation of Aviation Consumer Protection <br> **COUNT V:** Gross Negligence <br> **COUNT VI:** Punitive Damages <br><br> Assigned to: <br><br> **(Jury Trial Demanded)** |

**COMPLAINT**

Plaintiffs, Vijai Rao and Sumathi Mathur, jointly and as individuals (collectively, the "Plaintiffs," and interchangeably individually by their real names, as applicable), as and for their complaint against Defendants, and each of them, allege as follows:

1.  JURISDICTION AND VENUE

1.1 The counts encompassing this suit are subject to the diversity subject matter jurisdiction of this Federal District Court, as vested in 28 U.S.C. § 1332, given the following: The monetary claim sought by Plaintiffs herein exceeds the threshold of $75,000.00, and the parties hereto are citizens of different states, as Plaintiffs are citizens of the State of Maryland and the identified Defendants are an individual and a corporate citizen of the State of Alaska, conducting business in that state.

## 2. STATUTE OF LIMITATION

2.1 The statute of limitation for a suit in this matter is three years from the incurred loss of August 23, 2010 and thereafter. This matter is timely filed.

## 3. PARTIES

3.1 At all times relevant to the acts, occurrences, and events encompassing the instant Complaint, Plaintiffs were airline passengers or consumer of airline services provided by ERA Alaska Airlines, and / or its employees, and /or its contractors and /or other suppliers of airline services. In this complaint, Defendant ERA Alaska Airlines should be construed to include ERA Alaska Airlines, and / or its employees, and /or its contractors and /or other suppliers of airline services.

3.2 Upon information and belief, it is alleged that at all times relevant to the acts, occurrences and events, Defendant ERA Alaska Airlines was and is an Alaskan corporation, who owned and operated aircraft and provided airline services to the Plaintiffs. Plaintiffs were traveling with family and friends on vacation.

3.3 As to the fictitiously named Defendants, specifically "XYZ Corporations 1-5, XYZ Partnerships 1-5, and Does 1-10", their identities and their existence are not known at this time, but the Complaint will be amended as soon as discovery reveals their true identities, as may be applicable herein.

## 4. GENERAL ALLEGATIONS

4.1 Plaintiffs' boarded a flight operated by ERA Alaska Airlines. The flight boarded in Kodiak, AK and its destination was Anchorage, Alaska the evening of 22 August 2010.

4.2 Plaintiffs carried with them personal items in a carrying case on board the airline operated by the Defendants including several items of valuable jewelry and cash. Plaintiff checked that these items were in their possession prior to boarding the airplane for the flight from Kodiak to Anchorage.

4.3 On 23 August 2010, after deplaning in Anchorage, Plaintiffs noticed that their personal property which included the several valuable pieces of jewelry and cash were missing.

4.4     Plaintiffs returned to the airport in Anchorage to search for the missing personal property.

4.5     During the early morning hours of August 23, 2010, Plaintiffs informed Defendant ERA Alaska Airlines that they had lost personal property between Kodiak and Anchorage. Plaintiffs searched the deplaning area in the Anchorage airport but did not find their personal property.

4.6     Plaintiffs asked permission of Defendant ERA Alaska Airlines to search the plane on which they had flown from Kodiak to Anchorage. This request was denied. Defendant ERA Alaska Airlines advised Plaintiffs that the airplane could not be searched for several more hours. The Defendant advised Plaintiffs that the airplane search would be conducted by ERA Alaska Airlines.

4.7     Later the same morning of August 23, 2010, Plaintiffs notified Defendant ERA Alaska Airlines that Mr. Rao would return to Kodiak to conduct a search of the boarding area in the airport in Kodiak, Alaska. Defendant ERA Alaska Airlines sold a round trip ticket to Mr. Rao.

4.8     Just prior to the boarding announcement for Mr. Rao's flight back to Kodiak to conduct a search for Plaintiffs' personal property, Defendant ERA Alaska Airlines came to Plaintiffs to inform them that their property had been recovered. Defendant ERA Alaska Airlines told Plaintiffs that although they could not produce their personal property it was being held for them and their property was safe and secure.

4.9     After discussing the recovery of their personal property, Mr. Rao informed Defendant ERA Alaska Airlines that he still intended to go to Kodiak to conduct the search. In this way he would be certain that the personal property was not still in Kodiak.

4.10    Defendant ERA Alaska Airlines discouraged Mr. Rao from making the trip. Defendant ERA Alaska Airlines told Plaintiffs that their personal property had been found. Defendant described the carrying case to Plaintiffs and assured them that their property had been recovered. To further discourage Mr. Rao from making the trip to Kodiak to conduct his search,

Defendant ERA Alaska Airlines promised that the cost of the round trip ticket from Anchorage to Kodiak and back would be fully refunded by Defendant.

4.11    With these assurances, Plaintiffs did not go to Kodiak to conduct a search for their personal property there.

4.12    Plaintiffs asked to see the recovered items so they could verify that the recovered items belonged to them. Defendant ERA Alaska Airlines continued to insist that the items had been found and would soon be returned to them.

4.13    Later on August 23, 2010, Defendant ERA Alaska Airlines informed Plaintiffs that they had been mistaken. Plaintiff's personal property had not been found by Defendants. Defendant ERA Alaska Airlines told the Plaintiffs that the item recovered was not theirs. Defendant ERA Alaska Airlines told the Plaintiffs that the item recovered did not contain their personal property.

4.14    In informing Plaintiffs that they had not recovered their personal items it became clear to the Plaintiffs that Defendant ERA Alaska Airlines was withholding information about their personal property. It was clear to the Plaintiffs that they had been prevented from searching for their personal property by Defendant ERA Alaska Airlines.

4.15    Plaintiffs lodged a written complaint with Defendant regarding the lost personal property and requested that Defendant refund of the round trip airline ticket as promised. Plaintiffs also asked that Defendant conduct or continue to search for their personal property.

4.16    Plaintiffs filled a report with Anchorage Airport police detailing the incident of their personal property.

4.17    Plaintiffs suffered anguish and humiliation due to the loss of valuable personal property.

## 5.  CAUSES OF ACTION
### COUNT I: Negligence

5.1    All preceding general allegations are hereby incorporated herein.

5.2    As the operator, owner and provider of airline services, Defendant ERA Alaska

4
Case 3:14-cv-00101-HRH   Document 1   Filed 08/23/12   Page 4 of 10

Airlines owed a duty to Plaintiffs to provide to them a safe and secure flight free from any misconduct in the safeguarding of their personal property, or mishandling of their personal property, or the pilferage of the personal property by the company, its employees, and its contractors or other suppliers.

5.3     Defendant ERA Alaska Airlines breached this respective duty of theirs when Defendant ERA Alaska Airlines supplied to Plaintiffs an environment that was insecure and subject to misconduct in the safeguarding of their personal property, or mishandling of their personal property, or the pilferage of the personal property by the company, its employees, and its contractors or other suppliers .

5.4     Defendant ERA Alaska Airlines caused harm to the Plaintiffs and the Plaintiffs' personal property by their misconduct in the safeguarding of their personal property, or mishandling of their personal property, or the pilferage of the personal property by the company, its employees, and its contractors. The harm would not have occurred without the actions of the Defendant ERA Alaska Airlines.

5.5     Defendant ERA Alaska Airlines knew and/or should have known that the misconduct in the safeguarding of their personal property, or mishandling of their personal property, or the pilferage of the personal property by the company, its employees, and its contractors would cause Plaintiffs to suffer harm and injury.

5.6     Plaintiffs suffered damages in the loss of their valuable personal property, money, and anguish and humiliation of the loss of valuable personal property.

5.7     Plaintiffs incurred damages in that Plaintiffs suffered physical and emotional injuries from the loss of their personal property.  Plaintiffs also suffered losses in the form of bills to replace lost personal items including jewelry and money.

5.8     The actions and inaction of Defendant ERA Alaska Airlines, as described above, were negligent, direct and the proximate cause of the harm and injuries Plaintiffs incurred and continued to incur.

**COUNT II: Breach of Implied Warranty**

5.9     All preceding general allegations are hereby incorporated herein.

5.10    Defendant ERA Alaska Airlines warranted that the flight aboard their aircraft would be safe and secure, free from misconduct by the company, its employees or its contractors.

5.11    Defendant ERA Alaska Airlines made the representation to Plaintiffs that their personal property had been recovered and was safe. This retraction of the representation is a breach of a safe and secure airline flight free from misconduct by Defendant.

5.12    Defendant's actions and inaction caused the loss of Plaintiffs personal property and caused harm and injury to the Plaintiffs.

5.13    Plaintiffs incurred damages in the loss of money and their personal property. Plaintiffs suffered emotional injuries from the loss of the personal property. Plaintiffs also suffered losses in the form of bills and loss of time in purchasing replacements for the lost personal property.

5.14    The actions and inaction of Defendant, as described above, were the proximate cause of the harm and injuries Plaintiffs incurred and continued to incur.

### COUNT III:  Fraud

5.15    All preceding general allegations are hereby incorporated herein.

5.16    Defendant ERA Alaska Airlines led Plaintiffs to believe that the airline would provide a safe and secure environment for travel. Defendant also negligently misrepresented whether Defendant had recovered Plaintiffs' personal items. Defendant further negligently misrepresented that Plaintiff's personal items were safe and secure.

5.17    In effect, Defendant ERA Alaska Airlines knowingly and fraudulently deceived Plaintiffs by representing that their personal items were recovered and in safekeeping. Plaintiffs had a reasonable expectation that the Defendant's representations regarding the recovery and safeguarding of their personal property were true. Defendant ERA Airlines had a duty to inform Plaintiffs about the whereabouts of their personal property, and to keep the property safe for Plaintiffs.

5.18    Plaintiffs incurred damages in that Plaintiffs suffered physical loss of their

personal property and emotional injuries from the loss of valuable personal property. Plaintiffs also suffered losses in the form of expenses and loss of time in the replacement of their personal property.

5.19   The actions and inaction of Defendant ERA Alaska Airlines, as described above, were the proximate cause of the harm and injuries Plaintiffs incurred and continued to incur.

### COUNT V:   Violation of Aviation Consumer Protection

5.20   All preceding general allegations are hereby incorporated herein.

5.21   49 U.S.C. § 10101 makes it a priority to maintain safety and security at the highest level in the airline industry. Such safety and security is in the public interest.

5.22   Defendant ERA Alaska Airlines violated the law when the company, its employees, and its contractors created an insecure and unsafe environment for the Plaintiffs and other airline passengers. 49 U.S.C. § 10101 makes it a duty of the airline to maintain and enhance security and safety in the industry. In addition, Defendant ERA Alaska Airlines violated the Aviation Consumer Protection laws in not refunding the Plaintiffs' roundtrip ticket but prevented Plaintiff from using the ticket. (See 14 C.F.R. § 341)

5.23   Plaintiffs incurred damages in that Plaintiffs suffered the physical loss of their personal property and emotional injuries from the loss of their property. Plaintiffs also suffered losses in the form of replacement costs and loss of time.

5.24   The actions of Defendant ERA Alaska Airlines, as described above, were the proximate cause of the harm and injuries Plaintiffs incurred and continued to incur.

### COUNT VI: Gross Negligence

5.25   All preceding general allegations are hereby incorporated herein.

5.26   As the owner and operator of an airline company, Defendant ERA Alaska Airlines owed a duty to Plaintiffs to provide safe and secure travel to the Plaintiffs. Defendant ERA Alaska Airlines breached this respective duty when Defendant made misrepresentations to Plaintiffs about their personal property. Further, Defendant caused further harm by preventing Plaintiffs from conducting their own search in Anchorage and Kodiak.

5.27    Defendant ERA Alaska Airlines knew, or should have known, that their misrepresentations regarding Plaintiffs personal property would cause Plaintiffs to suffer harm and injury. Defendant ERA Alaska Airlines knew, or should have known, that preventing Plaintiffs from searching for their personal property would cause Plaintiffs to suffer harm and injury.

5.28    Plaintiffs incurred damages in that Plaintiffs suffered the physical loss of their personal property and emotional injuries. Plaintiffs also suffered losses in the form of expenses and time and effort in replacing their property.

5.29    It is because of Defendant's actions and inactions exhibiting their reckless disregard for the care and safekeeping of Plaintiffs' property that caused harm and injury to the Plaintiffs.

## COUNT VII: Punitive Damages

5.31    All preceding general allegations are hereby incorporated herein.

5.32    As the airline owner and operator, Defendant ERA Alaska Airlines owed a duty to Plaintiffs to provide to them with airlines services that are safe and secure for the passengers and their personal property.

5.33    Defendant ERA Alaska Airlines breached this duty of theirs when Defendant ERA Alaska Airlines did not supply Plaintiffs with a secure pre-flight, flight, post-flight environment. Instead, ERA Alaska Airlines mishandled Plaintiffs personal property causing it to be lost or stolen and was never recovered by the Plaintiffs.

5.34    Defendant ERA Airlines told the Plaintiffs that their personal property had been "found" and that their personal property was being held in safekeeping for them. Subsequent events show that their lost personal property had not been recovered and was not being held for them.

5.35    Defendant ERA Alaska Airlines represented to Plaintiffs that they recovered Plaintiffs property. Defendant later retracted that representation causing Plaintiff harm in the loss of property.

5.36 Defendant ERA Alaska Airlines knew that the withholding Plaintiff's property would cause Plaintiffs to suffer harm and injury, and consciously and / or deliberately disregarded the potential of such harm and injury to Plaintiffs. Defendant further prevented Plaintiffs from searching for their lost personal property by making false representations and physically preventing the Plaintiffs from conducting a thorough search.

5.37 Plaintiffs incurred damages in that Plaintiffs suffered the physical loss of their personal property and emotional injuries due to the loss of their valuable property. Plaintiffs also suffered losses in the form of time in an effort to recover their lost property.

5.38 Defendant ERA Alaska Airlines, through its actions and inactions, that exhibited their conscious and / or deliberate disregard for the care and preservation of Plaintiffs' property, and it is due to Defendant ERA Alaska Airlines' conscious or deliberate disregard for the rights of Plaintiffs, that Plaintiffs incurred and continued to incur said harm and injuries.

## 6. DAMAGES

6.1 As a result of Defendants' actions alleged above, Plaintiffs suffered the following damages, including: (1) compensatory damages, (2) exemplary and punitive damages, and (3) any other damages that may be proven at trial.

## 7. JURY DEMAND

7.1 A trial by jury is demanded.

## 8. PRAYER

WHEREFORE, Plaintiffs pray that a judgment be entered against Defendants as follows:

8.1 For compensatory damages in favor of Plaintiffs and against all Defendants, jointly and separately liable, in the amount of $76,200 (Seventy Six Thousand Two Hundred Dollars) or as to be determined at trial;

8.2 For punitive damages in favor of Plaintiffs in the amount of $248,800 (Two Hundred Forty Eight Thousand and Eight Hundred Dollars) against all Defendants, jointly and severally liable, to be determined at trial;

8.3 For attorney's fees, costs, pre-judgment and post-judgment interest as provided by

law; and

    8.4    For any such other relief as this Court may deem proper in favor of Plaintiffs.

Respectfully submitted this 23rd day of August 2012.

Dated: 23 August 2012

*[signature]*

Herbert Malveaux, Esq.
Attorney for the Plaintiffs.

Law Office of Herbert Malveaux
1629 K St., NW
Suite 300
Washington, DC 20006

410 707 7926